**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

FOTMER CORPORATION S.A.,

Petitioner,

v.

TILRAY BRANDS, INC.,

Respondent.

Civil Action No.: _____

**FOTMER CORPORATION S.A.'S**
**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner, Fotmer Corporation S.A., ("Fotmer"), by its undersigned counsel, hereby moves this Court pursuant to Section 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, for an order confirming a foreign arbitral award dated August 9, 2023 ("Award"), which was issued in an arbitration between Fotmer and Respondent Tilray Brands, Inc. ("Tilray").

**THE PARTIES**

1.      Fotmer is a company organized and existing under the laws of Uruguay.  Fotmer has its principal place of business at Zona Franca, Parque de las Ciencias, Ruta 101, km 23,500 Canelones, Uruguay.

2.      Tilray is a corporation organized and existing under the laws of the State of Delaware.  Tilray has its principal place of business at 445 Park Avenue, New York, NY 10022.

**JURISDICTION AND VENUE**

3.      This Petition is submitted under Chapter 2 of the FAA, 9 U.S.C. § 201 *et seq*.

4.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.  Under that section, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Chapter 2 of the FAA provides that an "action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States."  9 U.S.C. § 203 (referencing the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("Convention")).  The Award is a nondomestic arbitral award under 9 U.S.C. § 202 because Petitioner is a company registered in Uruguay and Respondent is incorporated in the State of Delaware.

5.	This Court has also subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties to this action and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6.	This Court has personal jurisdiction over Tilray because Tilray is incorporated in the State of Delaware.  Fed. R. Civ. P. 4(k)(1)(A).

7.	Venue is proper in this District because this Court has subject matter jurisdiction over this confirmation action, and because Tilray is subject to personal jurisdiction in this District.  9 U.S.C. § 204; 28 U.S.C. §§ 1391(b)(1), (c)(2).

## FACTUAL BACKGROUND

8.	Fotmer is in the business of cultivating, extracting and supplying medical cannabis.  Tilray markets and sells cannabis in various countries around the world.  This Petition arises from the arbitration of a contract dispute between Fotmer and Tilray (together, the "Parties").

9.	On May 22, 2019, the Parties entered into a Raw Material Purchase Agreement ("RMPA").  The Parties subsequently agreed to various amendments to that RMPA.

Specifically, the Parties agreed to amend the RMPA on May 19, 2020 ("RMPA2"), October 6, 2020 ("RMPA3"), May 25, 2021 ("RMPA4"), and July 8, 2021 ("RMPA5").  Collectively, the RMPA and each of those amendments constitute the "Agreement" between the Parties.

10.     The Parties agreed to arbitrate any dispute, controversy or claim between or among them under or in connection with their Agreement at Section 21 of the RMPA (the "Arbitration Agreement").

11.     Pursuant to the Agreement, Fotmer supplied to Tilray, and Tilray agreed to purchase from Fotmer, certain shipments and quantities of medical cannabis.  A dispute arose between the Parties because Fotmer claimed that Tilray failed to pay for certain shipments, for which Fotmer claimed damages in the amount of $1,233,185.40 plus interest and costs.

12.     On January 4, 2023, Fotmer served a Notice of Arbitration on Tilray.  In accordance with the Arbitration Agreement, an arbitrator was appointed by the Supreme Court of British Columbia, and that appointment was confirmed on June 27, 2023.

13.     The caption of the Arbitration reads: *In The Matter Of An Arbitration Under The International Commercial Arbitration Act of British Columbia Pursuant To The Raw Material Purchase Agreement Dated May 22, 2019 As Amended, Between: Fotmer Corporation, S.A. (Uruguay), Claimant - And - Tilray Brands, Inc.*  (the "Arbitration").

14.     On July 8, 2023, the Parties agreed the legal seat of the Arbitration would be Vancouver, Canada.  The Arbitrator determined, and the Parties agreed, that the Arbitration would be governed by the laws of British Columbia, Canada, including the International Commercial Arbitration Act (R.S.B.C. 1996 Chapter 233, (the "BCICAA")), and including the United Nations Convention on Contracts for the International Sale of Goods (Vienna, 1980 ("CISG")).

3

15. The Arbitration was an *ad hoc* arbitration. As agreed by the Parties, the arbitration was determined based on the papers; there was no hearing.

16. Both Parties actively participated in the Arbitration. Both Parties filed pleadings, witness statements and exhibits.

17. The Arbitrator closed the Arbitration on August 9, 2023, and timely rendered the Award that same day. In the Award, the Arbitrator found in favor of Fotmer.

18. The Award awards Fotmer US$1,233,185.40 in damages plus 7.5% simple interest from 29 December 2022 until the date of payment. Tilray has acknowledged the Award but has not paid the amount awarded, or any amount.

19. Fotmer now petitions this Court to confirm the Award pursuant to 9 U.S.C. § 207.

## THE AWARD SHOULD BE CONFIRMED

20. A Party may seek confirmation of an arbitration award that is governed by the Convention within three years of the date the award was made. 9 U.S.C. § 207. This Court must "confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the … Convention." *Id*. Tilray has not sought, and cannot now seek to vacate (set aside) the Award.

21. For these reasons, and for the reasons further set forth in the accompanying Memorandum in Support of this Petition, Fotmer respectfully petitions this Court to confirm the Award.

## PRAYER FOR RELIEF

WHEREFORE, Fotmer Corporation S.A. prays that:

1. The Court Court issue an order recognizing and confirming the Award;

4

2.      The Court enter a money judgment against Tilray in the amount of US$1,233,185.40 in damages plus 7.5% simple interest from 29 December 2022 until the date of payment;

3.      The Court retain jurisdiction over this action, and, pursuant to Rule 69 of the Federal Rules of Civil Procedure, permit any discovery that may be proper to aid in the enforcement of the money judgment; and

4.      The Court grant any other monetary, injunctive, or other relief that, in the interests of justice, it deems necessary and proper.


Dated:  New York, New York
        August 7, 2026

                                    Respectfully Submitted,

                                    *s/ Daniel P. Hagelberg*
                                    Daniel P. Hagelberg, Esq. (No. 6813)
                                    1201 N. Orange Street, Suite 500A
                                    Wilmington, DE 19801
                                    (585)330-7828
                                    daniel@hagelberglaw.com

                                    Matthew E. Draper
                                    Corinne E. Atton
                                    **DRAPER & DRAPER LLC**
                                    100 Park Av., Suite 1600
                                    New York, NY 10017
                                    Tel. (347) 442-7788
                                    matthew.draper@draperllc.com
                                    corinne.atton@draperllc.com

                                    *Attorneys for Petitioner Fotmer Corporation S.A.*