**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| FOTMER CORPORATION S.A.,<br><br>Petitioner,<br><br>v.<br><br>TILRAY BRANDS, INC.,<br><br>Respondent. | Civil Action No.: ________________ |

**MEMORANDUM OF LAW IN SUPPORT OF**
**FOTMER CORPORATION S.A.'S**
**PETITION TO CONFIRM ARBITRATION AWARD**

Matthew E. Draper
Corinne E. Atton
DRAPER & DRAPER LLC
100 Park Ave., Suite 1600
New York, NY 10017
Tel. (347) 442-7788
matthew.draper@draperllc.com
corinne.atton@draperllc.com

Daniel P. Hagelberg, Esq. (No. 6813)
1201 N. Orange Street, Suite 500A
Wilmington, DE 19801
(585)330-7828
daniel@hagelberglaw.com

*Attorneys for Petitioner Fotmer Corporation S.A.*

## I. INTRODUCTION

1. This is a petition, filed by Petitioner Fotmer Corporation S.A., ("Fotmer"), to confirm an August 9, 2023 Final Award ("Award") issued by an arbitrator *In The Matter Of An Arbitration Under The International Commercial Arbitration Act of British Columbia Pursuant To The Raw Material Purchase Agreement Dated May 22, 2019 As Amended, Between: Fotmer Corporation, S.A. (Uruguay), Claimant - and - Tilray Brands, Inc*., that requires Respondent Tilray Brands, Inc. ("Tilray") to pay to Fotmer [redacted]. Tilray has failed to pay this, or any amount.

2. Confirmation of the Award is appropriate because the arbitrator (sole arbitrator Professor [redacted] ("Arbitrator")), acted well within his authority pursuant to a broad arbitration clause in conducting the Arbitration and in issuing the Award.

## II. FACTUAL BACKGROUND

3. Fotmer is a company organized and existing under the laws of Uruguay, that has its principal place of business at Zona Franca, Parque de las Ciencias, Ruta 101, km 23,500 Canelones, Uruguay. Fotmer is in the business of cultivating, extracting and supplying medical cannabis.

4. Tilray is a corporation organized and existing under the laws of the State of Delaware, and which has its principal place of business at 445 Park Avenue, New York, NY 10022.

5. This Petition arises from the arbitration of a contract dispute between Fotmer and Tilray (together, the "Parties").

6. On May 22, 2019, the "Parties entered into a Raw Material Purchase Agreement ("RMPA"). *See* Declaration of Axel Benjamin Herzberg ("Herzberg Decl.") ¶ 4, Exhibit ("Ex.")

Ex. 2. The Parties subsequently agreed to various amendments to that Agreement. Specifically, the Parties agreed to amend the Agreement on May 19, 2020 (“RMPA2”), October 6, 2020 (“RMPA3”), May 25, 2021 (“RMPA4”), and July 8, 2021 (“RMPA5”) (collectively, the “Agreement”). Herzberg Decl. ¶¶ 5-8, Exs. 3-6.

7. [redacted] the Parties agreed to arbitrate any dispute, controversy or claim between or among them under or in connection with their Agreement [redacted]

> [redacted]

[redacted]

Herzberg Decl. ¶ 4, Ex. 2 (RMPA); *see also* Herzberg Decl. ¶ 3, Ex. 1 (Award) at ¶ 12; *id.* ¶¶ 16, 18, 22.

8. [redacted]

9. On January 4, 2023, Fotmer served a Notice of Arbitration on Tilray [redacted]

10. The Parties could not agree on a sole arbitrator and so, in accordance with the Arbitration Agreement, the Arbitrator was appointed pursuant to the arbitration law of British Columbia. Herzberg Decl., Ex. 1 (Award) ¶ 14; *see also id.* Annex A (Procedural History). Fotmer petitioned the Supreme Court of British Columbia for an Order appointing the Arbitrator on March 17, 2023. Herzberg Decl., ¶ 9, Ex. 7. Tilray filed a response to that petition on April 13, 2023, arguing that a different attorney be appointed as arbitrator. Herzberg Decl., ¶ 10, Ex. 8 ("Tilray's Response").

11. On June 27, 2023, the Supreme Court of British Columbia granted Fotmar's petition, ordering that the Arbitrator "be appointed as sole arbitrator in the arbitration between [Fotmar] and [Tilray]." Herzberg Decl., ¶ 11, Ex. 9 (Court Order). The Parties confirmed the

Arbitrator's appointment on July 1, 2023. Herzberg Decl., ¶ 3, Ex. 1 (Award) ¶ 15; *see also id.* Annex A (Procedural History).

12. In Tilray's Response, filed in The Supreme Court of British Columbia, Tilray represented to that court, among other things, that:

> 9. On May 22, 2019, Tilray and Fotmer (together, the "**Parties**") entered into the RMPA. …
>
> 17. Tilray was incorporated under the laws of the State of Delaware on January 25, 2018, under the name Tilray, Inc. Tilray changed its name to Tilray Brands, Inc. in January of 2022. …
>
> 27. The Parties contracted that the RMPA shall be interpreted according to the laws of British Columbia. The Parties also contracted that any dispute under the RMPA will be resolved through arbitration that will be governed by British Columbia's arbitration legislation …

Herzberg Decl., ¶ 10, Ex. 8 ¶¶ 9, 17, 27.

13. The caption of the Arbitration reads: *In The Matter Of An Arbitration Under The International Commercial Arbitration Act of British Columbia Pursuant To The Raw Material Purchase Agreement Dated May 22, 2019 As Amended, Between: Fotmer Corporation, S.A. (Uruguay), Claimant - And - Tilray Brands, Inc.* (the "Arbitration"). Herzberg Decl., ¶ 3, Ex. 1 (Award) (cover).

14. [redacted]

[redacted] Herzberg Decl., ¶ 3, Ex. 1 (Award) ¶¶ 20-21, 35-36, 39, 42.

15. The Arbitration was an *ad hoc* arbitration. Herzberg Decl., ¶ 3, Ex. 1 (Award) ¶ 24. [redacted] Herzberg Decl., ¶ 3, Ex. 1 (Award) at Annex A at 78.

16. [redacted] Herzberg Decl., ¶ 3, Ex. 1 (Award) at Annex A at 68. [redacted] Herzberg Decl., ¶ 3, Ex. 1 (Award) ¶ 25; *see also id.* at ¶¶ 26, 30-31, Annex A.

17. [redacted] *Id.* at Annex A at 73, 80. [redacted] *Id.*

18. [redacted]

[redacted]

19. [redacted]

20. [redacted]

**III. APPLICABLE LAW**

21. The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("New York Convention") applies, as implemented by Chapter 2 of the FAA. See 9 U.S.C. §§ 201-208. The Award "aris[es] out of" a commercial (contractual) "legal relationship," and Petitioner Fotmer is not a "citizen[] of the United States." 9 U.S.C. § 202.

22. The FAA permits Fotmer to petition this court to enforce the Award. *Id*. This Petition is filed "[w]ithin three years" after the Award was "made." 9 U.S.C. § 204.

23. "Petitions to confirm an arbitration award are addressed through summary proceedings, which dispense with certain formalities including the pleading standards set in the Federal Rules of Civil Procedure which are inapplicable to FAA proceedings." *Adru Tech. Ltd.*

*v. DS Games, Inc*., 2025 U.S. Dist. LEXIS 14685 *5, 2025 WL 315353 (D. Del. Jan. 28, 2025); *see also Jiangsu Beier Decoration Materials Co. v. Angle World LLC*, 52 F.4th 554, 560 (3d Cir. 2022) ("by statute … a petition to confirm an arbitration award is a motion, not a pleading … [such] petitions … result in summary proceedings that do not require a district court to carry on a formal judicial proceeding.") (quotations omitted; cleaned up).

24. Pursuant to the FAA, "a court "shall confirm" a foreign arbitration award falling under the New York Convention "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the Convention." *Jiangsu*, 52 F.4th at 560 (quoting 9 U.S.C. § 207). Arbitration awards are "subject to an extremely deferential standard for review." *Adru Tech.*, 2025 U.S. Dist. LEXIS 14685 *5, 2025 WL 315353 (quotation omitted); *see also Mut. Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.*, 868 F.2d 52, 56 (3d Cir. 1989) (a district "court's function in confirming or vacating a commercial arbitration award is severely limited." (quotation omitted, cleaned up)).

25. "[M]indful of the strong federal policy in favor of commercial arbitration," courts considering motions to confirm an arbitration award "begin with the presumption that the award is enforceable." *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012), *aff'd* 569 U.S. 564 (2013). A "court must enforce an arbitration award unless there is "absolutely no support at all in the record justifying the arbitrator's determinations." *Id.* (quoting *United Transp. Union Loc. 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995)); *see also Teamsters Local 177 v. UPS*, 966 F.3d 245, 248(3d. Cir. 2020) ("The FAA not only authorizes, but mandates, that district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding."); *id.* at 252 ("the confirmation of an arbitration

award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.") (quotation omitted).

## IV. THE COURT SHOULD CONFIRM THE AWARD

26. This Court should confirm the Award. No ground exists here to refuse to recognize or enforce the award. *See e.g.*, *Jiangsu*, 52 F.4th at 560-61. The Award is presumptively enforceable. *Sutter*, 675 F.3d at 219; *see also Teamsters Local*, 966 F.3d at 248; *Adru Tech.*, 2025 U.S. Dist. LEXIS 14685 *5, 2025 WL 315353. Tilray has simply failed to pay. Herzberg Decl., ¶ 12.

27. Both parties agreed to have their dispute resolved through arbitration, both were represented by counsel in that Arbitration, both agreed to its procedure, and both fully participated in it.

28. The Arbitrator acted well within his authority pursuant to the Arbitration Agreement; and Tilray did not seek to vacate (set aside) the Award.

## CONCLUSION

For the foregoing reasons, Petitioner Fotmer Corporation S.A. respectfully requests that the Court enter an order granting the Petition to Confirm the August 9, 2023 Award, and grant such other relief as the Court deems just and appropriate.

Dated: New York, New York
August 7, 2026

Respectfully Submitted,

*s/ Daniel P. Hagelberg*
Daniel P. Hagelberg, Esq. (No. 6813)
1201 N. Orange Street, Suite 500A
Wilmington, DE 19801
(585)330-7828
daniel@hagelberglaw.com

Matthew E. Draper
Corinne E. Atton
**DRAPER & DRAPER LLC**
100 Park Av., Suite 1600
New York, NY 10017
Tel. (347) 442-7788
matthew.draper@draperllc.com
corinne.atton@draperllc.com

*Attorneys for Petitioner Fotmer Corporation S.A.*